**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACOB EDWARDS, | ) |
| | ) |
|       Plaintiff, | ) CIVIL ACTION |
| | ) CASE NO.  20-4067-TC |
| | ) |
| v. | ) |
| | ) |
| MARS WRIGLEY CONFECTIONERY | ) |
| US, LLC | ) |
| | ) |
|       Defendant. | ) |

**AGREED PROTECTIVE ORDER**

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action.  They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection is necessary to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation, to facilitate the exchange of information between the parties, and to protect the parties and other persons from annoyance and embarrassment. Discovery in this case may seek private information concerning the parties and non-parties, including but not limited to: confidential financial and medical records of Plaintiff and other persons; the personnel records of Plaintiff and other current and/or former employees of

Defendant; confidential financial, personnel, and investigative information of Defendant; and confidential and/or proprietary information related to the business and operations of Defendant, including Defendant's policies, practices, or procedures. Good cause exists for the issuance of a protective order, including the fact that the majority of persons associated with this matter reside or work in a relatively small community; and if the confidential information were known generally, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, loss of business and/or job opportunities and could potentially impact upon certain persons' personal and/or work relationships. Good cause further exists regarding Defendant's financial, proprietary, and business operations information because that information is not generally known to the public, and could, therefore, place Defendant at a competitive disadvantage.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' request and hereby enters the following protective order:

**1.     Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2.     Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.  For purposes of this Order, the

parties will limit their designation of "Confidential Information" to the following categories of information or documents:

      (a)    Medical, financial, educational, and/or tax records;

      (b)    Personnel, payroll, investigative, and/or human resources files, records, and/or information of current and/or former employees of Defendant;

      (c)    Confidential and/or proprietary information or trade secrets related to the business and operation of Defendant, including policies, practices, or procedures; and,

      (d)    Records whose disclosure is restricted or prohibited by law.

Information or documents that are available to the public may not be designated as Confidential Information.

      **3.**    **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be

marked.  By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

   **4.**  **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 14 days after discovery of the inadvertent failure.

   **5.**  **Depositions.** Deposition testimony will be deemed confidential only by advising opposing counsel of record, in writing, within 30 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under Paragraph 2. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.  There shall be no need to re-designate deposition exhibits which have previously been designated as confidential.

   **6.**  **Protection of Confidential Material.**

    **(a)**  **General Protections.**  Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought by one of the parties to this litigation.

    **(b)**  **Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1) The parties to this litigation, including any employees, agents, and representatives of the parties[1];

(2) Counsel for the parties and employees and agents of counsel;

(3) The court and court personnel, including any special master appointed by the court, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, including members of a focus group, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A, except that in a deposition, the counsel taking said deposition shall not be required to seek completion of the certification contained in Attachment A before presenting the Confidential Information to the deponent;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

---

[1] If the confidential documents contain trade secret information, future product plans, competitive pricing, customer lists, or confidential personal, health, or financial information of Defendant's current or former employees, and disclosure to another party could result in demonstrable harm to the disclosing party or a third party, then the parties may mark the document CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY to restrict disclosure of such documents or information to counsel unless otherwise agreed or by Court Order upon Motion of a party if agreement cannot be reached. For any documents so designated, within ten days of its receipt of a written objection to said designation from any other party, the designating party shall file a motion with this Court for the purpose of establishing good cause for said designation. Failure to file such a motion shall result in the document being treated as Confidential as otherwise described in this Order.

**(c)    Control of Documents.**  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.  Counsel for the parties must maintain a record of those persons who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**7.    Filing of Confidential Information.**  If a party seeks to file any document containing Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.  Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.  Pro hac vice attorneys must obtain sealed documents from local counsel.

**8.    Challenges to a Confidential Designation.**  The designation of any material or document as Confidential Information is subject to challenge by any party.  Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  A party that elects

to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge; the parties are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge before filing such a motion, but such a conference is not mandatory. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

    9.  **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

    10.  **Obligations on Conclusion of Litigation.**

      **(a)**  **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

      **(b)**  **Return of Confidential Documents.** Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction

of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Nothing in this Order shall be construed to prohibit counsel for any party from keeping one copy of any Confidential Information as part of the case file in compliance with any applicable rule of professional responsibility.

**(c)     Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.  This work product will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**11.     Order Subject to Modification.**  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**12.     Enforcement of Protective Order.**  Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

**13.     No Prior Judicial Determination.**   This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing

in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**14.     Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**15.     Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

**16.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating

party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

**17.     Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**  Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 7 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

Dated January 6, 2021, at Kansas City, Kansas.

                                         s/ James P. O'Hara
                                         James P. O'Hara
                                         U.S. Magistrate Judge

| | |
|---|---|
| **WE SO MOVE**<br>**and agree to abide by the**<br>**terms of this Order** | **WE SO MOVE**<br>**and agree to abide by the**<br>**terms of this Order** |
| Respectfully submitted, | Respectfully submitted, |
| SLOAN, EISENBARTH, GLASSMAN,<br>McENTIRE & JARBOE, L.L.C. | HENSON, HUTTON, MUDRICK,<br>GRAGSON & VOGELSBERG LLP |
| By: */s/*Kelly Trussell<br>     Kelly J. Trussell, #23161<br>     ktrussell@sloanlawfirm.com<br>     534 S. Kansas Avenue, Suite 1000<br>     Topeka, KS  66603-3456<br>     Phone:  (785) 357-6311<br>     Facsimile: (785) 357-0152 | By: */s/* J. Phillip Gragson<br>     J. Phillip Gragson #16103<br>     jpgragson@hensonlawoffice.com<br>     3649 SW Burlingame Road, Ste. 200<br>     Topeka, KS 66111-2155<br>     Phone: (785) 232-2200 x 223<br>     Facsimile: (785) 232-3344 |
|    ATTORNEY FOR PLAINTIFF | Thomas R. Davies, Esq., Pro Hac Vice<br>tdavies@h-dlaw.com<br>Laura Bailey Gallagher, Esq., Pro Hac Vice<br>lgallagher@h-dlaw.com<br>David Randle Mulrine, Esq., Pro Hac Vice<br>dmulrine@h-dlaw.com<br>HARMON & DAVIES, P.C.<br>2306 Columbia Ave.<br>Lancaster, PA 17603<br>Phone: (717) 291-2236<br>Facsimile: (717) 291-5739 |
| | ATTORNEYS FOR DEFENDANT |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACOB EDWARDS, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) CASE NO.   5:20-CV-04067 |
| | ) |
| v. | ) |
| | ) |
| MARS WRIGLEY CONFECTIONERY US, LLC | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ATTACHMENT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____   Business Address: _____

Employer: _____   _____

Job Title: _____   Date: _____

Signature: _____